The opinion of the Court was delivered by
Duncan J.
The rejection of the evidence is endeavoured to be supported on two grounds. 1st. That this right of water, See. was incorporeal, and could pass only by deed. 2d. That the evidence offered was in direct contradiction to the deed.
1st. From the view in which I have considered this evidence, it is unnecessary to decide, whether this right is corporeal or incorporeal. Whatever it was, the first route, &c. ' conveying the water is granted by deed. One thing is very certain, it is such right as is tangible; its existence is not merely in idea or abstracted contemplation, but a substance which may be always seen; always handled; it is an exclusive right to the occupation of the route granted. Incorporeal things are in their nature invisible, quare ñeque tangí, nec videri possunt, and for these ejectments will not lie. Rnnn Ej. 36. But an ejectment will lie on a right reserved in a deed, of erecting or building a dam on the bank of a creek at the place specified. Jackson, v. Buel, 9 Johns. 299. Wherever a_ right of entry exists, and the interest is tangible, so that possession can be delivered, an ejeemnent will lie.
An ejectment would lie here, but an ejectment will not lie *244 for a mere incorporeal hereditament. Lessee of Black v. Hepburn et al. 2 Yeates, 331. The Court say incorporeal things-are in their nature invisible; not capable of being delivered *n execution ; not susceptible of actual possession,
I own the inclination of my mind is, that an interest in the soil at the given place passed, not only for laying the pipes, but for occupying and possessing exclusively the spot designated by the grant. But if this was a mere incorporeal right, the subject only of a grant by deed, and not by livery and seisin, still the evidence would be admissible; not to pass absolutely the soil by parol agreement, but such an executed contract, as, that, on the ground of fraud, chancery would direct a specific execution, or restrain the defendant from disturbing this right.
Wherever a court of equity would direct a conveyance, or enjoin a party from prosecuting his legal right on account of an existing equity against the existence of the legal right, or of a fraud committed on the party, our laws will, by considering the act to be done, which in equity ought to be done, grant as adequate relief as a court of chancery could by forbidding the party to recover a right which in equity he is considered as having relinquished.
The decisions of the courts of equity on the statute of frauds and perjuries, proceed on the principle, not that the right passes by the parol agreement, but that wherever one. party has in part executed it, by payment of money, taking possession and making valuable improvements, the conscience of the other is bound to carry it into execution; and equity will compel him to do it. It cannot be questioned, that the execution of an agreement in writing, not under seal, respecting an incorporeal right, would be decreed to be executed by a deed under seal.
It would be a fraud on Aspenshade, after the change of route at the request of Joseph Le Fevre, and for his benefit and advantage, staked out by himself, and the pipes laid by himself, to defeat the right and the possession thus acquired, after the expense to which Aspenshade had been put, and after the long acquiescence in such possession. But the fraud would be still greater on the plaintiff, a purchaser for a valuable consideration, with the possession notorious, and notoriously enjoyed for years. If Joseph Le Fevre had brought a suit against Daniel Le Fevre, chancery would have granted an in *245 junction; if so, courts of common law would not suffer him to take the law into his hand and destroy the pipes which had been laid, not only by his own acquiescence, but with ( his own hand, and for his own benefit.
We are not without authority, if authority were required, to establish so plain a principle of justice and of equity, for in 2 Eq. Abr. 522, we have the very case. A, diverted a water course, which put B to great expense in laying of sooths, &c. and the diversion being a nuisance to B, he brought his action, and an injunction was decreed on a bill exhibited for that purpose; it being proved, that B, did see the work when it was carrying on, and connived at it without shewing the least disagreement, but rather the contrary. Short v. Taylor, in Lord Somers’s time, was cited, which was thus: Short built a fine house; Taylor began to build another, but laid part of his foundation on Shorfs land; Short seeing this, did not forbid him, but on the contrary, very much encouraged it, and when the house was built he brought an action, and Lord Somers granted an injunction, and said it was but just and reasonable; for being a nuisance, every continuance is a fresh nuisance, and so he would be perpetually liable to actions, which would be hard when he was encouraged by the party himself. And so was the law laid down in an action for nuisance, tried before the present Chief Justice, at a Circuit Court at Carlisle. -v. Ege.
But this is likened by the counsel of the defendants in error to a parol license, which may be revoked. A parol license may be.revoked, but if it has been acted upon and the party put to expense, it cannot be recalled, and the party made a wrong-doer.
2d. As to the objection, that this evidence was in direct contradiction to the deed, the evidence was not offered for that purpose, but to shew a substitution of another spot, as being more for the mutual benefit of both parties. If this had not been carried into effect, the evidence would not have been admissible; but where the situation of the parties is altered, by acting upon the new agreement, as here, the evidence is proper; for a party may be admitted to prove by parol evidence, that after signing a written agreement the parties ' made a verbal agreement, varying the former ; provided their variations have been acted upon, and the original agreement can no longer be enforced without a fraud on one party.
*246 On every principle of law, justice, and equity, this. evidence ought to have been received, and the judgment must be reversed.
Judgment reversed.