Per Curiam.
The verdict of the jury has established the fact, if the evidence was legally sufficient, that the defendant, together with Payne, made the promise declared on. The defence set up was, that the work was done and the materials were furnished on a special contract under seal, made by the defendant and Payne on behalf of themselves and other subscribers to the hotel ; and such a contract was produced in evidence. The main question is, whether, there being this contract under seal, for a stipulated sum, an action lies on a general assumpsit for the amount which the building actually cost; which is more than the sum specified in the contract. It is said on the part of the plaintiff, that having made a losing bargain, and being unwilling and unable to go on with the work, Perkins and Payne assured him that he should not suffer ; and that the work was carried on and finished upon their engagement and promise that he should have a reasonable compensation, without regard to the special contract. This engagement is to be considered as proved, if by law it was admissible to show a waiver of a special contract.
It is objected, that as the evidence was parol, it is insufficient in law to defeat or avoid the special contract; and many authorities have been cited, to show that a sealed contract cannot be avoided or waived but by an instrument of a like nature ; or generally, that a contract under seal cannot be avoided or altered or explained by parol evidence. That this is the general doctrine of the law cannot be disputed. It seems to have emanated from the common maxim, unumquodque dissolvitur eo ligamine quo ligatur. But like other maxims, this has received qualifications, and indeed was never true to the letter, for at all times, a bond, covenant or other sealed instrument *308 might be defeated by parol evidence of payment, accord and. satisfaction, &c.
It is a general principle, that where there is an agreement in writing, it merges all previous conversations and parol agreements ; but there are many cases in which a-new parol contract has been admitted to be proved. And though when the suit is upon the written contract itself, it has been held that parol evidence should not be received, yet when the suit has been brought on the ground of a new subsequent agreement not ;n writing, parol evidence has been admitted.
In Ratcliff v. Pemberton, 1 Esp. R. 35, Lord Kenyon decided, that to an action of covenant on a charter-party, for the demurrage which was stipulated in it, the defendant might plead that the covenantee, who was the master and owner of the ship, verbally permitted the delay, and agreed not to exact any demurrage, but waived all claim to it. He laid down a similar rule in Thresh v. Rake, ibid. 53; where however the contract does not appear to have been under seal.
In 2 T. R. 483, there were articles of partnership, containing a covenant to account at certain times ; and upon a balance being struck, the defendant promised to pay the amount of the balance; and it was held that assumpsit would lie upon this promise.
The case of Lattimore et al. v. Harsen, 14 Johns. R. 330, comes nearer the case at bar. There the plaintiffs had agreed to perform certain work for a stipulated sum of money, under a penalty. After they had entered upon the performance of it, they determined to leave off, and the defendant, by parol, released them from their covenant, and promised them, if they would complete the work he would pay them by the day. The court held, that if the plaintiffs chose to incur the penalty, they had a right to do so, and that the new contract was binding on the defendant.
In Dearborn v. Cross, 7 Cowen, 48, it is held, that a bona or other specialty may be discharged or released by a parol agreement between the parties, especially where the parol agreement is executed ; and the case of Lattimore v. Harsen, is there cited and relied on.
There are other decisions of like nature in the same court *309 as Fleming v. Gilbert, 3 Johns. R. 358 ; Keating v. Price, 1 Johns. Cas. 22 ; Edwin v. Saunders, 1 Co wen, 250. In Ballard v. Walker, 3 Johns. Cas. 64, it was held that the lapse of time between the making of the contract and the attempt to enforce it, was a waiver ; which is going further than is necessary in the case before us, for here there is an express waiver.
In Le Fevre v. Le Fevre, 4 Serg. & Rawle, 241, parol evidence was admitted to prove an alteration of the course of an aqueduct established by deed. In regard to the objection, that this evidence was in direct contradiction to the deed, Duncan J. remarks, that “ the evidence was not offered for that purpose, but to show a'substitution of another spot. If this had not been carried into effect, the evidence would not have been admissible ; but where the situation of the parties is altered, by acting upon the new agreement, the evidence is proper; for a party may be admitted to prove by parol evidence, that after signing a written agreement, the parties made a verbal agreement, varying the former, provided their variations have been acted upon, and the original agreement can no longer be enforced without fraud on one party.”
The distinction taken in the argument, between contracts in writing merely and contracts under seal, appears by these authorities not to be important as it respects the point under consideration, and justice required in the present case, that the parol evidence should be received.[1]
It was said that the promise of Payne cannot affect Perkins, and vice versa. But as they were joint actors, and as when one acted in the absence of the other, it was always with a joint view to the same object, they cannot be separated, but must be considered as joint promisors.
The parol promise, it is contended, was without considera *310 tion.[2] This depends entirely on the question, whether the first contract was waived. The plaintiff having refused to perform that contract, as he might do, subjecting himself to such damages as the other parties might show they were entitled to recover, he afterward went on upon the faith of the new promise and finished the work. This was a sufficient consideration. If Payne and Perkins were willing to accept his relinquishment of the old contract and proceed on a new agreement, the law, we think, would not prevent it.

Motion for new trial overruled.

 See Bond v. Jackson, Cooke, 500 ; Sinard v. Patterson, 3 Blackf. 353; Grafton Bank v. Woodward, 5 N. Hamp. R. 99; Bailey v. Johnson, 9 Cowen, 115; Cox v. Bennet, 1 Green, 167; Watkins v. Hodges, 6 Harr. & Johns. 38; Blood v. Goodrich, 9 Wendell, 68; Youqua v. Nixon, 1 Peters’s C. C.R. 221; Delacroix v. Bulkley, 13 Wendell, 71; Mill-Dam Foundry v. Hovey, 21 Pick. 417. The altering a written contract by parol makes it all parol. Vicary v. Moore 2 Watts, 451.

 See Chitty on Contr (4th Am. ed.) 430.