## M'Killip *against* M'Ilhenny.

Evidence to prove that an agent of the alleged owner of a tract of land, granted by parol a privilege to the defendant to overflow a small part of the tract by the erection of a mill and dam, and that the plaintiff, who subsequently purchased the tract from the vendee of such owner, had notice of the parol grant to the defendant, is not admissible, where no authority has been first shown in such agent, nor any interest in the land in such alleged owner.

Nor is it competent to prove by parol that the plaintiff and defendant both claimed under the same person, and that such person was the owner of the land.

Whether the defendant had an uninterrupted possession of the privilege for a period of less than twenty-one years, from which a grant might be presumed, is a question of fact to be determined by the jury.

[M'Killip v. M'Ilhenny.]

If the defendant extended the privilege beyond a reasonable boundary, and to an extent never contemplated in the grant, to the injury of the plaintiff, the latter is entitled to compensation in damages.

The expenditure incurred in the erection of the mill, in pursuance of such parol grant, is a sufficient consideration to sustain it.

WRIT of error to the common pleas of *Armstrong* county.

The facts of this case, and the questions raised, are fully stated in the opinion of the Court.

*Buffington,* with whom was *Blair,* for the plaintiff in error.

In 1811 the defendant purchased his tract from the Holland Land Company, whose agent granted him the privilege of flowing back the water on the adjoining tract, which was purchased by M'Ilhenny from the company in 1816. In pursuance of the grant a mill was erected and a dam constructed by M'Killip. So far as the consideration of this grant is concerned, we contend that the expense incurred in pursuance of it was sufficient. Added to this was the increased value of the adjoining lands owned by the company, which is always caused in a new country by the erection of a mill. As the company resided in Europe, they conferred more than the usual extent of discretionary power on their agent, who, in the present case, did not transcend his authority. We offered to prove the grant by the agent, and that at the time of the grant the land belonged to the Holland Land Company, whose title M'Ilhenny was estopped from denying, as he claimed under the company's assignee. The court erred in saying that the grant was not binding on the company. It was valid, and was for a valuable consideration. Our testimony ought not, therefore, to have been rejected.

The court below erred as to the lapse of time and acquiescence, from which the grant might be presumed. Where a privilege to lay pipes for conducting water through the land of another has been secured by deed on a particular route, and the route was afterwards changed by parol, by the consent of both parties, different from that in the deed, and the pipes had been actually laid on the changed route, they cannot afterwards be changed to the prejudice of the grantee. A parol license cannot be revoked if it has been acted upon and expense incurred. Chancery would consider a revocation a fraud, and decree a conveyance according to the altered route. Le Fevre *v.* Le Fevre, 4 *Serg. & Rawle* 241. A privilege to erect a dam for a temporary purpose continues no longer than the purpose originally contemplated; if perpetual, the grant is in perpetuity. Hepburn *v.* M'Donnell et al., 17 *Serg. & Rawle* 383. The exercise of a privilege twenty years, in a particular way, raises a presumption of a grant. Howell *v.* M'Coy, 3 *Rawle* 269. A man who first erects a mill in a new country is considered a public benefactor. Stricker et al. *v.* Todd, 10 *Serg. & Rawle* 68. The uninterrupted enjoyment of water, in a particular way, twenty-one years, affords a con-

clusive presumption of a grant. *Ibid.* 69. Possession and use of a water right is notice sufficient to put a person on inquiry, and to affect him with a parol agreement. *Ibid.* 74. If counsel request the court to instruct the jury on a material point, and they omit to do so, it is error. Humes *v.* M'Farlane et al., 4 *Serg. & Rawle* 431. See also Resick *v.* Kern, 14 *Serg. & Rawle* 267.

*Stanard,* with whom was *White,* for the defendant in error.

The testimony was properly overruled, because, at the time it was offered, the defendant had shown no title in those under whom he claimed. The authority of the agent should have been first shown, before evidence of his acts was offered. But this could not be shown, because no title was proved out of the commonwealth. There was no reservation on the face of M'Ilhenny's deed.

The opinion of the Court was delivered by

ROGERS, J.—This was an action on the case for an injury done to Robert M'Ilhenny, the plaintiff, by the erection of a dam by the defendant below, Archibald M'Killip, which caused the water to overflow his property. There is no doubt that the dam caused the water to overflow five or six acres of meadow land belonging to the plaintiff, and unless the defendant sustains his defence, that he had been in the uninterrupted possession of the privilege for sixteen years and upwards, or that he had a license to overflow the plaintiff's land, the plaintiff is entitled to recover.

The plaintiff endeavoured to show title, and, for this purpose, offered in evidence an article of agreement between the Holland Land Company by their agent David Lawson, and James Brady, with an assignment indorsed from James Brady to Robert M'Ilhenny, the plaintiff. The court rejected the testimony at the suggestion of the defendant's counsel, whereupon it became necessary to rely on a possession, which he proved he had of the premises from the year 1816 until the commencement of the action.

The plaintiff having closed his testimony, the defendant then offered to prove by David Lawson, that in 1812 H. J. Huidekoper superintending, and David Lawson sub-agent, granted by parol to the defendant the privilege of overflowing five acres of ground on the plaintiff's tract, then belonging to the Holland Land Company, with notice to Brady and the plaintiff below; and to prove by parol that both the plaintiff and defendant claimed under the Holland Land Company: also that David Lawson, after he ceased to be agent of the company, wrote a letter to his successor, C. G. Gaskill, informing him of the privilege granted to the defendant, and requesting him to make the reservation in the deed to M'Ilhenny. All this testimony was contained in several bills of exceptions, but as it depends on the same principle, may be viewed as one exception. The court excluded the testimony because no interest was shown to the tract of land in the possession of the plaintiff in the Holland Land

Company, whose agent, Lawson, it was alleged had made the grant of the license on which the defendant relied.　In this there is no error, for, as it then appeared (the court having excluded the plaintiff's title on the objection of the defendant), it was an offer to prove a license or grant of the land in dispute by a person who was a mere stranger, and as such had no authority whatever to make the grant.　It must be observed that the offer to prove by parol that the Holland Land Company was the owner of land, was clearly inadmissible; as, if such were the case, their right ought to have been proved by the written muniments of title, which had been excluded by the court on their own suggestion.

After the rejection of this testimony the defendant called David Lawson, who proved that he was spoken to by Mr Brady (the former owner) and Mr Huidekoper (the agent of the Holland Land Company) to select some land in lieu of some land that had been taken by an older survey.　This was one lot he selected.　That he told Mr Brady that Mr Huidekoper and himself had given Mr M'Killip a privilege to erect a dam on the line of the place, and that five or six acres would be overflowed by the dam.　He told him he thought it would sell readier than a lot more remote from the mill: that it was in the neighbourhood of good land, and that he thought he would soon find a purchaser.

At this stage of the evidence, the article of agreement, with the assignment, which had been before rejected, was given in evidence; and if the defendant had renewed the offer of evidence, as contained in his bill of exceptions, we have no reason to doubt it would have been received by the court.　But this, from some cause which has not been explained, he neglected or refused to do.　There was then no error in this part of the case, of which the counsel of the defendant have any right to complain.

After the testimony was closed the court were requested to instruct the jury:

1. That they might presume a grant from the uninterrupted possession of a privilege for a period of less than twenty-one years.

2. That if the jury believe that the privilege of flowing the water back on the land, now occupied by the plaintiff, was given by parol to the defendant by the agent of the owner, and that the defendant raised a dam and built a mill in consequence of that parol grant, the plaintiff cannot recover.

3. That the possession of the mill and the use of the water was notice sufficient to put the plaintiff on inquiry; and sufficient to affect him with a parol agreement, or a parol license to use the water.

If I rightly understand the answer of the court, it is favourable to the defendant and affirms their first proposition.　The court, however, refer it as a fact to be determined by the jury, whether there was an acquiescence by the plaintiff in the defendant's possession, and then say, "If you believe the testimony of the witnesses, it rebuts the allegation of acquiescence, and disproves the assertion

that there was a peaceable and uninterrupted possession of the privilege claimed." The court then instruct them, as they were bound to do, that they should determine whether the privilege claimed had not been extended beyond a reasonable boundary, never contemplated by the parties. That if they should be satisfied of this, and the plaintiff had sustained an injury, he was entitled to compensation in damages. In this there was no error.

The second and third points may be taken together. The second ground of defence, say the court, is that of an actual agreement by the plaintiff to allow the defendant a right to overflow the plaintiff's land by the dam. On strict legal principles there must be a consideration for an agreement, when a positive right, particularly to real property, or any interest therein, is acquired. In this case there is none, unless the convenience from the vicinity of the mill to the place of the plaintiff can be considered one. This I presume has reference to the testimony of Lawson, and is intended as an answer to the second point, for otherwise the point has not been noticed by the court. The defendant requested the court to instruct the jury that if they believe that the privilege of throwing the water back on the land now occupied by the plaintiff was given by parol to the defendant by the agent of the then owner, and that the defendant raised a dam and built the mill in consequence of that parol grant, the plaintiff cannot recover. If the jury believed this, and Lawson's testimony would justify them in doing so, there was a consideration for the grant, viz. the expenses incurred in the erection of the mill. It would be a fraud were the defendant to prostrate his mill after such an agreement or parol license as is assumed in the defendant's second point. That the agreement was by parol can make no difference, as must be conceded, after the decision of the case of Le Fevre *v.* Le Fevre, 4 *Serg. & Rawle* 241. Parol evidence, as was there held, is admissible to prove, that after the execution of a deed conveying a right to a water course through the granted land by courses and distances, a verbal agreement was entered into between the parties for their mutual accommodation, altering the route of the water course; provided the agreement has been carried into effect. In that case it was contended, but without success, that it was permission given during pleasure, and that the privilege of carrying the water was an incorporeal hereditament which lies in grant.

Here the defendant alleges that a parol license was given by the owner to overflow from five to six acres of land; that this agreement was acted on by the parties, by which he incurred considerable expenses, and that of this the plaintiff had notice at the time of his purchase.

Judgment reversed, and a *venire de novo* awarded.