# Crest *against* Jack.

If a stranger enter on the land of another, and make improvements by erecting buildings, they become the property of the owner of the land.

A joint tenant, or tenant in common, may not erect buildings or make improvements on the common property without the consent of his co-tenant, and then claim to hold until reimbursed a proportion of the moneys expended, nor can he authorize it to be done by another.   Nor will it alter the case, that the co-tenant knew that the buildings were being erected, and made no objection or opposition.

ERROR to *Armstrong* county.

This was an action of ejectment by Wilson Jack against Mary Crest, Thomas Blair and others, to recover the one undivided tenth part of a house and lots of ground in the borough of Kittaning.

Samuel Jack and John Crest were the owners as tenants in common of the lots and house which were the subjects of controversy ; Samuel Jack died intestate, and his estate descended to his four brothers and one sister, Matthew, Henry, William, Wilson and Mary.   Thomas Blair intermarried with a daughter of Mary, who was the widow of John Crest, went into the possession of the lots, and by the permission of some of the tenants in common built a house upon them.   There was no evidence of any consent of Wilson Jack, the plaintiff, but on the contrary the proof was that he and Blair were not on good terms: they did not speak to each other.   It was proved that Wilson Jack, the plaintiff, was in Kittaning when the house was being built, and gave no notice to Blair to desist, nor made any objection.   The defendants therefore contended, that he was not entitled to recover without reimbursing Blair his proportion of the moneys expended in building the house.   But the court (Young, president) was of a different opinion, and instructed the jury that

[Crest v. Jack.]

thè plaintiff was entitled to recover, and they found a verdict ac-
cordingly.

*Buffington* and *Forward*, for plaintiff in error.

The defendant had the consent of some of the co-tenants, who
·were *quasi* agents of all thè owners, it was therefore the duty of the
plaintiff to disavow their act, otherwise he would be bound by it.
14 *Serg. & Rawle* 27 ; Lefevre *v.* Lefevre, 4 *Serg. & Rawle* 245 ;
Moody *v.* Vandyke, 4 *Binn.* 31 ; Bell *v.* Harris, 10 *Serg. & Rawle* 43.

*White*, for defendant in error.

A tenant in common cannot improve the estate and charge his
co-tenant with any part of the expense.  *Co. Lit.* 200 *b* ; 4 *Kent's
Com.* 367 ; Huston *v.* Springer, 2 *Rawle* 102.  The defendant has
no equity which it is at all necessary to extinguish.  Collins *v.* Rush,
7 *Serg. & Rawle* 147 ; 2 *Rawle* 83 ; 3 *Rawle* 326.  The cases of
Lefevre *v.* Lefevre, and Moody *v.* Vandyke, were characterized by
the fact that inducements were held out to the expenditure of money.

The opinion of the Court was delivered by

SERGEANT, J.—If a stranger enter on the land of another, and
make improvements by erecting buildings, they become the property
of the owner of the land.    Were it not so, a person might gain a title
by the commission of a trespass, and strip his neighbour of his estate,
or subject him to compulsory expenses under the pretext of improving
his property.    The foundation of property consists in its being an
exclusive right : other persons cannot impair its enjoyment, or im-
pose burthens on it by intermeddling with it without the owner's
leave, or colour of legal authority.    And this doctrine holds as well
with respect to joint owners as to strangers.    One joint tenant, or
tenant in common, cannot erect buildings or make improvements on
the common property without the consent of the rest, and then claim
to hold until reimbursed a proportion of the moneys expended : nor
can he authorize this to be done by a third person.    If he desires to
improve without asking the assent of a co-proprietor, his course is
to have his share set off by partition, and to deal with that as he
may see proper.

This is the rule at law.    There are, however, cases in which an
owner of land standing by and permitting· another to expend his
money in improving it, has, in equity, been deemed a delinquent, and
been compelled to surrender his right on receiving compensation, or
else to pay for the improvement.    But in these cases there is always
some ingredient which would make it a fraud in the owner of the
land to insist on his legal right.    There is something like encourage-
ment to the other's going on ; or the one party acts ignorantly and
without the means of better information, and the other remains silent
when it is in his power to prevent him from expending his money
under a delusion.    To permit such a one to take advantage of the

[Crest v. Jack.]

mistake would be revolting to every sentiment of justice. But on the other hand I know no case where equity has, on the mere ground of silence, relieved one who is perfectly acquainted with his rights, or has the means of becoming so, and yet wilfully undertakes to proceed in expending money on the land of another without obtaining or asking his consent. His ignorance, if it exists, is wilful, and he acts at his peril. 1 *Eq. Ab.* 355; 2 *Ibid.* 522; 4 *Serg. & Rawle* 244; 2 *Atk.* 83; 3 *Atk.* 692; 2 *Rawle* 92; 3 *Rawle* 326.

In the case before us there is no evidence that the plaintiff in any respect encouraged or connived at the erection of these buildings by T. Blair. On the contrary, an avowed hostility existed between them: his consent was not desired, and there was no circumstance from which it could, with the least degree of plausibility, be inferred. It would rather seem that it must have been known to all the family that if asked it would be refused. Nor was the plaintiff bound to notify Blair of his right in the land, or of his dissent to the erection of the buildings. Blair was well acquainted with the titles of the respective parties, having acted as agent for the former owner in receiving the rents; and if he was not, he was bound to inquire into the title before he undertook to appropriate the lot. It was matter of record, accessible to all. The assent or encouragement of the brothers might, in equity, preclude them, but would not affect the right of the plaintiff.

Judgment affirmed.