## Innis *versus* Templeton

1. A married woman has no capacity to contract for the sale of her real estate, nor to convey it, otherwise than in the precise statutory mode conferring the power.

2. The fact that a married woman may have received a part or the whole of the purchase-money for her real estate, in consideration of her agreement, or induced the purchaser to make valuable improvements thereon, is insufficient to pass her title thereto, where the form of transfer prescribed by the statute has not been observed.

3. The doctrine of estoppel cannot be invoked to enforce the agreement of a married woman for the sale of her land when her agreement was otherwise void. Legal incapacity cannot be removed, even by fraudulent representations, so as to create an estoppel in the act to which the incapacity relates.

June 22d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas of *McKean county:* Of May Term 1880, No. 67.

Ejectment by William J. Innis against P. A. Templeton.

By agreement the parties waived a trial by jury and submitted the case to the decision of the court, Williams, P. J., who found the facts as follows :—

"That in the months of September, October and November 1877, and until the 28th of August 1878, the land in controversy was held by Lois M. Innis, wife of William Innis, by virtue of a contract with Calvin T. Chamberlain, and was in her actual possession, being part of a larger tract held by her under said Chamberlain contract. That said Lois M. Innis and William Innis leased to E. H. Watkins 'for the term of fifteen years for the purpose of obtaining oil,' a part of the land then in her possession, described as follows, viz.: 'Fifty acres of my, the first party's, homestead,' without designation of boundaries or other description than as given above. That there was a contemporaneous parol agreement by which Mrs. Innis, then having fifty-six acres to lease, was to

[Innis v. Templeton.]

be at liberty to locate the six acres so as to cover the buildings occupied by her, and such other land adjacent as she pleased, and the remainder of the fifty-six acres should be covered by the written lease. That said Lois M. Innis never has located the said six acres, so as to be held by her. That said lease of fifty acres was dated 11th November 1877, was duly signed and acknowledged by Lois M. Innis and her husband, and delivered to the said Watkins. That it contained, inter alia, the following agreement : " Said E. H. Watkins agrees 'to commence and complete a well in four months from date of the lease, and the second well on same land in eight months after the completion of the first,' &c. Also, 'if the party of the second part fail to comply with this contract, then it is null and void and of no effect.' The work done under the lease by E. H. Watkins was, to begin work on a rig on the 27th of March 1878, more than four months after the date of the contract. Work was suspended within a few days and nothing more done until July. On .the 17th of July he began to drill, and on the 22d of August completed the first well. The following extensions of time for completing the first well were made in writing and endorsed on or attached to the lease, viz. : 14th March 1878, extension to 5th of August, signed by Mrs. Innis and her husband. 18th July 1878, extension for twenty days from the first of August next, signed Lois M. Innis. It also appears that on the 6th of July about $20 in money was paid by E. H. Watkins to Innis and wife for compensation for delay. Neither of the agreements for an extension of time were acknowledged by Mrs. Innis. The title of E. H. Watkins is now vested in the plaintiff by agreements in writing of date 22d September 1878. The title of the defendant was obtained from Mrs. Innis and husband, who sold their title to him and assigned their contract from C. T. Chamberlain on the 28th of August 1878. This action is brought for that portion of the land leased to E. H. Watkins, which may be called the south half. The other half having been transferred by him to John Knott as the consideration in full for the work done upon the first well prior to his sale to the plaintiff. That neither Lois M. Innis nor W. Innis, her husband, gave any notice of, or did any act indicating their intention to repudiate the agreements, extending the time of performance until about the time the well was completed in August 1878."

The defendant asked the court to find in accordance with the following propositions : 1. To find as matter of law, that the lease or contract of Innis and wife of November 11th 1877 to E. H. Watkins is void at law for want of any description of the property alleged to be conveyed. 2. To find as matter of law, that th alleged extension of March 14th 1878 is void at law for want of acknowledgment as required by statute, the contract having become forfeit, and the estate reverted to the grantor. 3. To find, as

[Innis *v.* Templeton.]

matter of law, that the agreement or contracts of July 6th 1878 and July 18th 1878, are void at law, being the agreement of a married woman purporting to pass her separate estate, and not joint with her husband and separately acknowledged as required by statute. 4. That under the law and the evidence in this case, plaintiff cannot recover.

The conclusions of law of the court were as follows : " 1. Upon the propositions submitted in the first request, the court find adversely to the defendant, and that the contract or lease was not 'void at law' for want of description. When Mrs. Innis indicated the part she was to retain the lease would cover the entire residue. Neither she nor one holding under her can set up her delay to indicate the six acres she would retain as a reason for defeating her grant altogether. 2. No work having been done within the four months from November 11th 1877, the lease became null and void at the expiration of that time in accordance with its terms. 3. Mrs. Innis, being under disability, could renew, resuscitate or remake the lease by the same formalities necessary to its creation, and in no other way. 4. That upon defendant's second request therefore, the court find that the agreement of March 14th is inoperative, because unacknowledged by Mrs. Innis. 5. That the agreement of July 18th 1878, is also inoperative and for the same reason. 6. That, however, the receipt of July 6th 1878, might operate by way of estoppel against one *sui juris*, it cannot estop Mrs. Innis because under disability. 7. That inasmuch as the plaintiff shows neither performance of his agreement, or such a renewal thereof as is binding upon Mrs. Innis, the proposition contained in the fourth request of defendant's counsel is affirmed. The court find that the plaintiff has shown no right to a recovery in this case. Upon the whole case, therefore, the court find in favor of the defendant; accordingly let judgment be entered in favor of the defendant."

The plaintiff excepted, but the court overruled the exceptions and entered judgment in accordance with their original findings.

*W. B. Chapman & Son* and *J. C. Sturgeon & Bro.*, for plaintiff in error.—The clause of forfeiture mentioned in the contract belongs to the class of conditions subsequent, and if so, the title and possession of the land passed to Watkins on the delivery of the contract. It is not denied that he went into possession of the land, and while at work thereon the agreement to extend the time for performance until August was made. This was a promise by Innis and wife that they would waive the time and the forfeiture. Certainly this extension was binding on the married woman, and it did not require an acknowledgment: Lycoming Ins. *v.* Schollenberger, 8 Wright 263; Helme *v.* Philadelphia Life Insurance Co., 11 P. F. Smith 110. The right to declare a forfeiture is a personal right.

[Innis v. Templeton.]

Mrs. Innis was estopped: Cord on Married Women, sect. 246;
Bispham's Equity, sect. 293; McCullough v. Wilson, 9 Harris
436. An acknowledgment was not necessary, for there was no con-
veyance of land: Dayton v. Newman, 7 Harris 199; Fryer v.
Rishell, 3 Norris 521. The receipt of money by Mrs. Innis after
the alleged forfeiture estopped her from denying the validity of the
lease.

*A. G. Olmstead* and *E. R. Mayo*, for defendant in error.—A
married woman's power to convey or charge her real estate in
Pennsylvania is derived solely from the Act of February 24th
1770, and the requirements of that act as to separate examination
and acknowledgment must be strictly pursued, and so appear on
the magistrate's certificate: Graham and Wife v. Long, 15 P. F.
Smith 383; Rumfelt v. Clemens, 10 Wright 455; Kirkland v.
Hepselgefser, 2 Grant 84. The agreement by Mrs. Innis of July
18th 1878, for a further extension of the limited rights of Wat-
kins is void because her husband did not join in it, and it was not
separately acknowledged by her.

The original lease of November 11th 1877, having become void
in legal effect on the 11th of March 1878, by its own limitations,
Mrs. Innis could ratify, renew or extend it in no other way than
by re-execution in the manner and form directed by the Act of
1770: Glidden v. Strupler, 2 P. F. Smith 400; Williams v. Baker
et al., 21 Id. 476; Ledger Loan & Building Association v. Cook
et al., 6 W. N. C. 428. A vendee or lessee in possession under a
married woman's conveyance void for want of proper execution
cannot set up her receipt of purchase-money or rent, nor valuable
improvements made by her permission, to defeat her title on the
ground of estoppel: Glidden v. Strupler, *supra;* Rumfelt v.
Clemens, 10 Wright 455; Richards v. McClellan, 5 Casey 385;
Bispham's Principles of Equity, sect. 293, p. 356; Williams v. Baker,
21 P. F. Smith 476. Much less can the plaintiff in this case,
being out of possession, recover upon his contract. The void con-
tract of a married woman cannot be enforced by the indirect way
of estoppel: Keen v. Coleman, 3 Wright 299.

Mr. Justice MERCUR delivered the opinion of the court, October
4th 1880.

The plaintiff seeks to recover the land in question under title
derived from Lois M. Innis. By agreement filed the parties
waived a trial by jury, and submitted the case to the decision of the
court. The facts found and admitted show, inter alia, that Mrs.
Innis, a married woman, held a title to, and was in the actual
possession of, a tract of land called her "homestead." While thus
holding and in the possession thereof, she and her husband of the
one part, and one Watkins of the other part, entered into an

article of agreement, dated the 11th November 1877, whereby the party of the first part agreed to lease to Watkins fifty acres of said land for the term of fifteen years, for the purpose of obtaining oil; said Watkins agreed to pay one-eighth part of the oil found on the premises, and to commence and complete one oil well in four months from the date of the lease or contract. It was further stipulated if he failed "to comply with this contract, then it is null and void and of no effect." The boundaries of the land on which Watkins might experiment for the discovery of oil were not designated in the writing. There was a cotemporaneous parol agreement by which Mrs. Innis might locate six acres so as to cover the buildings occupied by her, and such other lands adjoining as she pleased, and the written lease cover the residue of the fifty-six acres. The court found in fact that she never located the six acres. The land let to Watkins was "wild timber land and unenclosed."

Watkins did not complete nor even commence a well, within four months after the date of his agreement. On the 27th March 1878, he began work on a rig : but it was suspended within a few days and nothing done until July. On the 17th July he began to drill, and on the 22d August completed the first well. The written agreement of the 11th November 1877 was duly acknowledged by Mrs. Innis and husband. On the 28th August 1878, they sold and assigned the land to the defendant. The plaintiff seeks to recover on a title acquired from Watkins on the 22d of September following. As the latter did not perform the act necessary to continue the term, within the time stipulated in the written contract, it thereby, by its terms, became "null and void and of no effect." The plaintiff claims such effect shall not be given to the failure of Watkins to fulfil his contract for two reasons : one, that there was no sufficient re-entry by Mrs. Innis to make the agreement of forfeiture effective ; the other, that a right to declare the forfeiture was waived by a subsequent agreement of the parties to the contract.

In considering what weight should be given to the first reason, due regard must be had to the condition of the land and the purpose of the written contract. The land was wholly unimproved. The object was to compel the sinking of wells for the purpose of ascertaining whether it contained oil. The precise limits within which the experiment should be made were not designated. Watkins was not allowed any indefinite time in which to complete a well. It was to be done within the time specified. If not then done, all rights under the contract were to be void. If the well was completed, and no oil was found, no payment was to be made. Although the instrument contained some words incident to a lease, yet its main purpose was more in the nature of a contract to search for oil. No *certain* profit was reserved or agreed to be paid. It was wholly contingent on the finding of oil.

The necessity of entry for a breach of condition is not held as inflexibly in Pennsylvania as in England and in some of our sister states. With us much depends on the terms of the instrument. If no formal re-entry be thereby contemplated, none is required. We have shown that substantially the instrument gave only a license to search for oil within no distinctly defined boundaries. The court found, as a fact, that the land in controversy was in the actual possession of Mrs. Innis, from a date prior to the 11th November 1877, until she sold to the defendant. We discover no sufficient evidence to convict the court of error in so finding. Then she having been continually in lawful possession, no re-entry was necessary to revest the estate. The breach of condition operated as a forfeiture of all right in Watkins, and the whole estate revested in her by operation of law : Hamilton v. Elliott, 5 S. & R. 375 ; Kenrick v. Smick, 7 W. & S. 41 ; Sheaffer v. Sheaffer, 1 Wright 525 ; Davis v. Moss, 2 Id. 346.

The remaining objection to the forfeiture is the alleged waiver thereof. Conceding that the acts and declarations of Mrs. Innis were sufficient to establish a waiver in case she had been a feme sole, yet it is an unquestioned fact that during the whole time she was under coverture. The question then is, were they sufficient to transfer the title of a married woman in real estate or estop her from asserting it ?

It is a settled rule of law that a married woman has no capacity to contract for the sale of her real estate, nor to convey it otherwise than in the precise statutory mode conferring the power : Kirkland v. Hepselgefser, 2 Grant 84 ; Rumfelt v. Clemens, 10 Wright 455 ; Glidden v. Strupler, 2 P. F. Smith 400 ; Dunham v. Wright, 3 Id. 167 ; Graham v. Long, 15 Id. 383 ; Brown v. Bennett, 25 Id. 420.

The title which she had transferred according to the requirement of the statute on the 11th November 1877, had reverted to her. It became hers as absolutely and unconditionally as if she had not executed that agreement. Her title then could not be sold without an instrument in writing duly executed and acknowledged by herself and her husband. Without this the instrument as to her was void, and passed no title at law or in equity : Glidden v. Strupler, supra ; Dunham v. Wright, supra. The fact that she may have received a part or the whole of the purchase-money, in consideration of her agreement, or induced the purchaser to make valuable improvements thereon, is insufficient to pass her title to real estate when the form of transfer prescribed by the statute has not been observed. To hold otherwise would operate as a repeal of the statute which designates the only mode in which a married woman can convey her real estate : Rumfelt v. Clemens, supra ; Glidden v. Strupler, supra ; Thorndell v. Morrison, 1 Casey 326 ;

[Innis *v.* Templeton.]

Richards *v.* McClelland, 5 Id. 385; Pettet *v.* Fritz, Executor, 9 Id. 118.

The doctrine of estoppel cannot be invoked to enforce the agreement of Mrs. Innis for the sale of her land, when her agreement was otherwise void. Legal incapacity cannot be removed even by fraudulent representations, so as to create an estoppel in the act to which the incapacity relates. Hence, it was held in Keen *v.* Coleman, 3 Wright 299, that a married woman who falsely and fraudlently represented that she was single when she executed a judgment bond, thereby obtaining the consideration therefor, was not estopped from setting up her coverture in defence to a recovery on the bond.

In the present case Watkins knew Mrs. Innis to be a married woman. He knew she had no capacity to sell or convey land without a deed duly executed and acknowledged by herself and her husband. He was not deceived, and had no reason to complain of her subsequent refusal to relieve him from the consequences of his foolish conduct: Alexander *v.* Kerr, 2 Rawle 90; Crest *v.* Jack, 3 Watts 238; Carr *v.* Wallace, 7 Id. 394; McAninch *v.* Laughlin, 1 Harris 371; Hill *v.* Epley, 7 Casey 333.

In some cases a married woman may be estopped from repudiating her executed contract in a sale of personal property; but we are now considering the question of a divestiture of her title to real estate arising on an executory contract.

The acts of Mrs. Innis given in evidence, and the offer to prove other acts, which was rejected, are both insufficient to move a chancellor to decree specific performance.

The evidence of the acts of the defendant in error after he acquired title was properly rejected. It was clearly insufficient to estop him. Nor did the fact that he purchased subject " to all outstanding leases in force," defeat the title which he would otherwise have acquired. That clause was designed for the protection of Mrs. Innis, and not to infuse new life into a void contract nor into one that had lost its force. We do not deem it necessary to consider the assignments separately. We discover nothing in any of them calling for correction.

Judgment affirmed.