## Mariotti, etc., v. Greco. No. 2

Before Hoban, Eagen and Robinson, JJ.

*A. E. Swoyer*, for plaintiff.

*S. U. Colbassani*, for defendant.

ROBINSON, J., December 10, 1948.—Plaintiff, trading as Lockett Lumber Company, sued to recover a balance due for lumber and building material sold and delivered to defendant's son. In the fall of 1939, defendant's son commenced the construction of a dwelling house on land owned by defendant. Defendant

testified that the son asked her for a piece of land, that she "gave" it to him but never gave the son a deed to the real estate. The son proceeded to erect a dwelling house which is situate on land owned by defendant. The materials delivered to the son, by plaintiff, were used in the construction of the house and were affixed to defendant's realty. There can be no question in the light of the evidence and the verdict of the jury that defendant had full knowledge that her son was erecting a house on her land and that building materials were being delivered to her land for that purpose. After several deliveries of building supplies plaintiff's agent had a conversation with defendant calling to her attention that the material was being affixed to defendant's realty at which time defendant made representations that she would give her son a deed for the land or make arrangements with the mortgagee to secure plaintiff for the material delivered. On the strength of this plaintiff continued to make deliveries.

Defendant's son and his wife died after the completion of the dwelling and in 1943 defendant assumed control and leased the house to others and has since collected the rents therefrom.

After an adverse verdict defendant filed motions for a new trial and for judgment non obstante veredicto.

These motions may be resolved to three legal contentions.

1. That under the law and the evidence defendant is not liable in quasi-contract on the theory of unjust enrichment.

2. That defendant is not the owner of the dwelling house.

3. That the trial judge erred in permitting plaintiff's agent to testify as to the furnishing of materials and supplies to defendant's deceased son.

The basis of defendant's liability has already been determined by this court. In Mariotti v. Greco, 55 D. & C. 627, Hoban, J., in certifying to the law side of the court a bill in equity, which was the original process in the case, said at page 629:

". . . since the materials were supplied with the knowledge and consent of this defendant, she is liable as a quasi-contractee for the sale price of the materials. To hold otherwise would be to authorize her unjust enrichment. But her relationship to plaintiff is the ordinary one of debtor and creditor."

The nature of liability on a quasi-contract based on unjust enrichment is stated in Williston on Contracts (rev. ed.) sec. 3, as follows:

"In the first place as quasi-contractual obligations are imposed by the law for the purpose of bringing about justice without reference to the intention of the parties, the only apparent restriction upon the power of the law to create such obligations is that they must be of such a sort as would have been appropriately enforced under common-law procedure by a contractual action."

See also A. L. I. Restatement of the Law of Restitution §§1 and 40 (a and c) ; Crest v. Jack, 3 Watts 238 (dicta).

No doctrine is more firmly established in the law than that relating to the affixing of chattels to land: Quicquid plantatur solo, solo cedit; Broom Max., 401-431. Whatever is affixed to the soil belongs to the soil.

For chattels to become a part of realty there must be an annexation of the same to the land with an adaptation to the use for which the realty is appropriated and an intention to make the chattel a permanent part of the freehold: 22 Am. Jur. 715; 36 C. J. S. 892.

In Kinnear v. Scenic Railways Co. of America, 223 Pa. 390, 397, it is held:

"The intention which controls and determines whether or not a chattel is annexed and becomes a part of the realty is the intention the parties had at the time it was placed upon the property: Vail v. Weaver, 132 Pa. 363; Carver v. Gough, 153 Pa. 225."

It is clear that the supplies and materials for which this suit was brought were affixed to the land by their incorporation into the dwelling house, that the land on which the dwelling house was built was appropriated for dwelling-house purposes and uses and that all concerned intended the house to be an unseverable part of the realty. See Titus v. Poland Coal Co., 275 Pa. 431. Defendant, therefore, as the owner of the land, is the owner of the dwelling house. We cannot give any consideration to her private understanding that her son's heirs are the owners of the house in the light of the fact that for five years she has leased the dwelling and profited from the rents collected.

Defendant, partly by reason of her own conduct, is unjustly enriched at the expense of plaintiff. With complete knowledge of the erection of a dwelling on her land she permitted plaintiff to furnish the materials for the building of the dwelling and when the matter of plaintiff's security for the materials was brought to her attention represented that she would either deed the land to her son or make other arrangements to secure plaintiff in the material furnished. She did neither and now stands as the record owner of the land to which the dwelling is affixed to her benefit and profit. Under such circumstances the law imposes a quasi-contractual obligation on her which is enforcible in the courts.

There is no merit to defendant's contention that the trial judge erred in permitting plaintiff's agent to testify as to the delivery of the material to defendant's son. The applicability of the Evidence Act of May 23, 1887, P. L. 158, sec. 5, 28 PS §322, is entirely mis-

understood. No right of defendant's deceased son was involved in this action and neither his estate nor his heirs are parties. There is no interest which was adverse to any right of decedent. Plaintiff did not appear at the trial and the case was proven by the testimony of plaintiff's employes. This evidence itself was competent under the decision in Sargeant v. National Life Insurance Co., 189 Pa. 341.

Now, December 10, 1948, the motions for a new trial and for judgment non obstante veredicto are denied and rules discharged.