## Bosses v. Mahalsky

*Max Rosenn* and *Joseph Savitz*, for plaintiffs.

*Kenneth J. English* and *John R. Reap, Jr.*, for defendants.

VALENTINE, P. J., March 19, 1956.—This case was tried before the court without a jury. Upon the basis of the testimony adduced on the trial we make the following

### *Findings of Fact*

1. On June 28, 1945, Lillian Mahalsky, a married woman, leased to plaintiffs, "All that certain building known as Mahalsky's garage, situate 218-220 South Main street, in Duryea borough, Luzerne county, Pa.," for the term of five years beginning September 1, 1945,

and ending September 1, 1950. The lease was not signed by the lessor's husband.

2. Said lease contained, inter alia, the following provisions:

"Parties of the second part agree that all labor and material for alterations of within leased building shall be paid for by the parties of the second part.

"Parties of the second part to have the option to purchase the within leased premises within one year from September 1, 1946, for the sum of $16,000, all rents paid during said year or up to the time of purchase within said year shall be deducted from said purchase price of $16,000.". . .

"And the said second party also agrees to keep said premises in as good repair and condition as at present and will, at the expiration of this lease, surrender up same in like repair and condition, natural wear and damage by the elements excepted."

3. Plaintiffs took possession of the demised premises on or about June 28, 1945, and expended the sum of $6,014.67, that the building covered by the lease might be made suitable for manufacturing purposes.

4. The sum expended was made up as follows:

Installation of wooden floor, partitions and repairs to windows and doors in the demised premises, $4,178.15.

Labor and materials in the installation of the heating, plumbing and toilet system, $1,089.71.

Labor and materials for electrical wiring and equipment, switches, lights, etc., $746.81.

5. Following the alterations and improvements plaintiffs used said building for manufacturing purposes for and during the period of five years.

6. In the summer of 1946 plaintiffs elected to execute the option for the purchase of said building. A deed signed by Mrs. Mahalsky, but not by her husband, was tendered plaintiffs.

7. Plaintiffs were unsuccessful in their effort to procure a decree for the specific performance of the option: Bosses v. Mahalsky, 365 Pa. 184.

8. Plaintiffs vacated the premises at the end of the five-year period covered by the lease and removed therefrom certain partitions, doors, pipes and toilets they had installed in the building.

9. Plaintiffs expended in the moving and installation of equipment and machinery, including labor and material, the sum of $4,799.08.

10. Edward Mahalsky and Paul Mahalsky are administrators c. t. a. of the estate of Lillian Mahalsky, who died January 2, 1948. Plaintiffs' claim, as made at the trial, is against these two defendants.

11. The removal of plaintiffs' machinery and equipment from defendants' building was accomplished without any substantial damage or injury to said building.

## Discussion

The claim of plaintiffs embraces two items:

(1) The amount paid in making alterations and repairs to the building that the same might be used for manufacturing purposes, and (2) the amount expended in removing from the premises and installing the machinery and equipment in the building to which plaintiffs removed.

The second item, viz., the cost of removal from the Mahalsky building and the installation of the machinery and equipment at a new location is a claim for damages allegedly sustained by reason of Mrs. Mahalsky's breach of contract in that the option embodied in the lease was not complied with. No question of unjust enrichment arises in connection with this item.

The agreement executed by Mrs. Mahalsky to convey real estate, not joined in by her husband, was not

only unenforceable but its execution expressly prohibited. The Act of June 8, 1893, P. L. 344, sec. 2, and the amendments thereto, 48 PS §32, in force at the time of the execution of the agreement provided that a married woman: ". . . may not execute or acknowledge a deed, or other written instrument, conveying her real property, unless her husband join in such conveyance." As was said by our Supreme Court in Bosses v. Mahalsky, 365 Pa. 184, at page 186: "It is clear that the words 'or other written instrument' cover an attempt to convey an equitable title by option."

The situation here present bears no analogy to a case in which an oral contract unenforceable because of the Statute of Frauds is used as a basis for the recovery of damages: Swayne v. Swayne, 19 Pa. Superior Ct. 160; Durham v. Wick, 210 Pa. 128; Haskell v. Heathcote, 363 Pa. 184. The Statute of Frauds Act of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1, in no way limits the power of an individual to make a conveyance of real estate. It is, in effect, a declaration of public policy (Haskell v. Heathcote, supra) intended to guard against fraud and perjury: Houser v. Lamont, 55 Pa. 311-317. Specific performance of a contract within the statute will be enforced when the same is admitted (Houser v. Lamont, supra; Suchan v. Swope, 357 Pa. 16; Zlotziver v. Zlotziver, 355 Pa. 299) or where the protection of the statute is not invoked: Sferra v. Urling, 328 Pa. 161.

Here Mrs. Mahalsky lacked the capacity to make a contract to sell her real estate, except in the manner designated by statute. The execution of the option was prohibited unless her husband was a party thereto: Glidden v. Strupler, 52 Pa. 400; Innis v. Templeton, 95 Pa. 262. Her legal disability could not be removed by estoppel: Innis v. Templeton, supra.

Whether the contract be deemed void (Bosses v. Mahalsky, supra, page 187) or voidable (Haines Trust,

356 Pa. 10) is unimportant as Mrs. Mahalsky lacked the power to make it without her husband's joinder.

It follows that Mrs. Mahalsky's failure to comply with the terms of the option embodied in the lease, in which her husband had not joined, cannot be made the basis for the recovery of this item against her estate.

The other claim of plaintiffs is based upon the contention that by reason of the alterations and repairs made to the building defendants have been unjustly enriched.

Section 139 of the Restatement of the Law of Restitution, page 558, provides: "Incapacity to enter into a contract or to incur liability in tort is not in itself a defense in an action for restitution."

In General Pulaski B. & L. Assn. v. P. Tr. Co., 338 Pa. 198, it was said, at page 202, that the doctrine of unjust enrichment requires: ". . . that married women, insane persons and infants, even if they are not required to perform their promises . . . should be required to return benefits which they have received. . . ."

Plaintiffs assert that the measure of recovery is the amount expended in making alterations and repairs to the building. With this contention we do not agree. Before making the alterations plaintiffs had leased the building for the term of five years. The option agreement was merely incidental to the lease. Alterations and repairs were necessary that the building might be used for the manufacture of sportswear. After the alterations had been completed plaintiffs occupied and used the building for the five-year period covered by the lease. There is no evidence that the alterations made were more extensive by reason of the option. There is no evidence that they were of a different character or a more expensive type by reason of the option contained in the lease. Changes were essential that the building might be used for the five-year period

covered by the lease. In order to recover, the burden was upon plaintiffs to designate the alterations made on the faith of the option (if any were so made), as distinguished from the alterations which would have been made for the use of the building during the five-year period if the option was not included in the lease.

If defendants have been unjustly enriched by reason of the changes made to the building by plaintiffs, it is clear that the extent of such enrichment cannot be measured by the amount expended by plaintiffs before they began operations. The object to be attained would be the prevention of unjust enrichment of defendants and the securing for plaintiffs of that to which they are justly and in good conscience entitled: Lauffer v. Vial, 153 Pa. Superior Ct. 342; Gladowski v. Felczak, 346 Pa. 660.

A considerable portion of the equipment installed by plaintiffs, such as toilets, electrical fixtures and plumbing, was removed from the building, but plaintiffs offered no evidence showing what portion of the total amount expended in the making of alterations represented the cost of the installation of such articles.

We think the extent of defendants' enrichment would be determined by the increased market value of the building (if any) and not by the amount plaintiffs expended. The limit of restitution "is the amount by which the recipient or his property has benefited": Restatement of the Law of Restitution, sec. 155, p. 615.

We, therefore, conclude:

(1) That no evidence has been presented to warrant a finding that defendants have been benefited by reason of the changes made to the building; (2) that even if it be assumed that defendants were benefited by changes made to the building by plaintiffs there is no evidence from which the value of such benefit could be determined; (3) that inasmuch as the removal of the machinery and equipment by plaintiffs caused no

substantial injury to the leased building, defendants' counterclaim should be disallowed.

Accordingly, the prothonotary is directed, unless exceptions are filed within 30 days after service of this adjudication, as provided by the Act of July 10, 1935, P. L. 640, 12 PS §689, to enter judgment in favor of defendants and against plaintiffs.