# Appeal of Kelsey *et al.*

113 119
178 423
113 119
181 411

1. In a proceeding in equity, to compel partition of lands among tenants in common, it is not error to allot to the husband of a tenant in common, that portion of the land upon which he, during the life of his

wife, made new and permanent improvements, necessary for its proper use and enjoyment, without allotting to the other tenants in common any portion of the value of said improvements.

2. Where title to land, held in common with others, is in the wife, the husband, in making improvements presumably for himself and his wife, cannot be treated as a stranger or volunteer; for he is a tenant by curtesy initiate.

April 15th, 1886.   Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Lackawanna county:* In equity: Of January Term, 1886, No. 366.

This was an appeal by Helen M. Kelsey, Cyrenus Wise and Ann Wise, his wife, in right of said Ann, Sidney Philip Stevens, Letta Ann Ruland, L. T. Brown and Rozelle, his wife, late Rozelle Stevens, in right of said Rozelle, F. T. Medway and Jennie, his wife, in right of said Jennie, Lillie Stevens, Zelda Stevens, Caleb E. Wright, Samuel Linn, Isaac P. Hand, Henry W. Palmer, C. F. Williams, Elisha Griffin and J. Mc-Kiel Stevens, from a decree of said Court, decreeing a partition of certain real estate, without allowing the appellants any share of the value of the permanent improvements made by Joseph Church and Charles J. Church, minor son and heir of Charlotte Church, deceased, the appellees and defendants in the bill in equity, praying for the partition of certain real estate, filed by the appellants, who were the plaintiffs in the bill.

The bill alleged substantially:

That one Thomas Griffin, the owner of forty acres of land in Lackawanna county, died on the 18th of March, 1854, leaving a will dated 27th March, 1852, which was admitted to probate the 3d of April, 1854, whereby the said land was devised to his daughter, Letta, subject, however, to a trust that at her death she should convey or devise one half of it to the children of her deceased sister, Charlotte Stevens.

That said Letta died on the 27th of March, 1867, without having executed this trust, but leaving Joseph Church and Charlotte Church, his wife, one of the children of said Charlotte Stevens, in possession, who denied the trust.

That thereupon a bill in equity, to No. 3, January Term, 1872, in Luzerne county, was filed, under which a decree was obtained, that the said defendants make a deed to plaintiffs for their several interests.

That by sundry conveyances this land has become vested in the parties named as plaintiffs in the present bill, who hold as tenants in common in fee with defendants.

That Charlotte Church died the 16th July, 1880, without having made the deed required by the decree aforesaid, leav-

ing a son, Charles J. Church, a minor, whose guardian is his father, Joseph Church.

That it will be advantageous to have partition made.

The prayer was that partition be decreed by the Court according to the interests set forth in the bill, and for general relief.

An answer to the bill was filed by the defendants, setting forth a denial that the devise by Thomas Griffin to his daughter Letta was subject to any trust whatever, and claims that she was absolute owner without any trust or condition whatever, and treated the lands accordingly, selling and conveying them at her pleasure.

A further denial that the proceedings in equity mentioned in the bill vested in complainants the right to have partition as sought in their bill.

It also denied that complainants are tenants in common with respondents.

It set forth that respondents are seised of the full legal title to the lands mentioned in the bill by virtue of a *bona fide* purchase for value without notice of any trust of any kind, and that possession was taken by virtue of such purchase as early as 1867, and has been continuously held ever since.

It further averred that the bill does not set forth a case within the equity jurisdiction. And the defendants have a right to hold and maintain their legal title regularly at law, a right guaranteed both by the state and national constitutions.

W. W. Lathrop was appointed Examiner and Master, who reported *inter alia :*

While said land has been the subject of litigation between the parties to the present proceeding, Joseph Church has erected valuable improvements thereon. It is contended by the counsel for the plaintiffs that these improvements belong to all the owners of the land, as appurtenant thereto, and that therefore they should be estimated and appraised as part of the property to be divided, and the division made accordingly. To sustain their position they cite: Gregg *v.* Patterson, 9 W. & S., 198; Crest *v.* Jack, 3 Watts, 238.

Both these cases were ejectments by one tenant in common against his co-tenant in possession; in which it was held that the latter having put up valuable improvements, could not hold the land until reimbursed a portion of the moneys expended.

It seems to be well settled that the tenant making improvements without consent of his co-tenant, cannot compel contribution by his co-tenant. But this doctrine does not necessarily settle the question whether in a partition in a court of equity, it is not just and equitable to assign such improve-

ments to the tenant making them, if his co-tenant is not preju-diced thereby. This question does not seem to have been ruled in this State, but the affirmative has been held in the following cases in other states, to wit: Town *v.* Needham, 3 Paige's Ch. R., *553; St. Felix *v.* Rankin, 3 Edw. Ch., 323; Conklin *v.* Conklin, 3 Sandford's Ch., 65; Brookfield *v.* Williams, 2 N. J. Eq., 341; Obert *v.* Obert, 5 Id., 397; Hall *v.* Piddock, 21 Id., 311; Louvalle *v.* Menard, 6 Ill. (1 Gilm.), 39; Howey *v.* Goings, 13 Id., 108; Dean *v.* O'Meara, 47 Id., 120; Martindale *v.* Alexander, 26 Ind., 104.

See also the following cases referred to in Abbott's U. S. Digest, which seem to be in the same line: Reed *v.* Reed, 68 Maine, 568; Collet *v.* Henderson, 80 N. C., 337; Sanders *v.* Robertson, 57 Ala., 465; Reeves *v.* Reeves, 11 Heisk (Tenn.), 669; Annely *v.* De Saussare, 17 S. C., 389; Sarbach *v.* Newell, 28 Kan., 642; Borah *v.* Archer, 7 Dana (Ky.), 176.

It has seemed to the Master and the Commissioners that the improvements made by Joseph Church could be set apart to him and his son, without prejudice to the plaintiffs. The Commissioners have therefore allotted to the defendants the sur-face on which said improvements stand, without taking the value of such improvements into consideration; the valuation of the purpart of the defendants being fixed without reference to such improvements.

The plaintiffs filed the following exception to the report of the Master:

The Master and Commissioners erred in not awarding to plaintiffs four ninths of the improvements put upon the land by Joseph Church, or the value thereof.

The Court, ARCHBALD, J., dismissed the exception, filing the following opinion:

Both parties have filed exceptions to the report of the Master and Commissioners, which is perhaps evidence that the partition reported by them is a fair one. A careful examina-tion of it also assures me that it has been made upon correct principles.

The plaintiffs claim by the single exception which they file, that they should have the advantage of the increased value given to the land by the improvements which have been put on it by Church. The Master and Commissioners have allot-ted to the defendants as their share those portions upon which these improvements have been made without considering the value of such improvements. I am satisfied that in this they have followed the equitable and true rule. The learned Mas-ter fully justifies in his report the course pursued. The sub-ject is also fully considered, and the position taken by the Master sustained in Freeman on Co-tenancy and Partition,

§§ 509, 510 and 511. A different case might be presented where one co-tenant has undertaken to improve the whole estate as by erecting a building covering the whole of a city lot. But where the improvements are only such as comport with the reasonable and proper enjoyment of the land by the co-tenant who has made them, it would seem highly inequitable not to allow them to him in making partition.

But it is urged that Joseph Church, who made the improvements in question, was a stranger to the title, and again that the trust declares in Mrs. Church in favor of the plaintiffs was one *ex maleficio*, arising out of her own wrong, and, that so the rule does not apply. Neither of these contentions is sound. Mrs. Church was declared a trustee only as to four ninths—or, as it is better expressed, eight eighteenths—of the land. The remaining five ninths she held undisputed. Hence arises the tenancy in common, which it is the object of these proceedings to sever. The mere fact that the claim and title of the plaintiffs was contested by her, and has been by these defendants, should not prevent the latter from now drawing to their share the improvements in question.

Nor can Joseph Church, as respects these improvements, be treated as a stranger to the title. As husband of his wife, Charlotte Church, he had when they were made, a freehold in the land : Bank v. Stauffer, 10 Barr, 399, as well as a curtesy estate, initiate, which has now become consummate by her death. Moreover, aside from his own interest in the land, there is no reason why a husband should not for the benefit of his wife, improve her land, or why even in this light, such improvements should be treated as made by a stranger or volunteer.

It follows that the exception of the plaintiffs must be overruled.

The Court entered a decree, decreeing partition of said real estate, as recommended by the Master and Commissioners.

The plaintiffs thereupon took this appeal, assigning for error the entering of said decree, without allowing them their proportionate share of the permanent improvements erected upon the part allotted to the defendants.

*Henry W. Palmer* (*Isaac P. Hand* with him), for appellants.

The plaintiffs' claim for a share of the value of the improvements is based on the following facts :

1. The improvements were placed on the land after the suits were commenced in which their title to four ninths was established.

2. Church and his wife enjoyed the rents, issues and profits during a period of eighteen years pending the litigation.

[Appeal of Kelsey et al.]

3. They were held by the Supreme Court to be trustees *ex maleficio*, and as such, ordered to convey four ninths of the land to the plaintiffs.

4. No reference was made to improvements in that decree, and therefore it covered four ninths of quantity and value of all pertaining to the land described.

5. That decree cannot be impeached or diminished in this proceeding.

Whatever may be the rule as to the setting apart of improvements in the case of a partition between tenants in common, who have amicably held land together which has been improved by one during the tenancy, it has no application to this case.

These defendants being trustees of the plaintiffs as to four ninths of this land, wrongfully held it in their possession, and excluded the owners from its enjoyment. They improved it in the face of the plaintiffs' assertion of title by their action of ejectment and bill in equity. They put the plaintiffs to the vexation and expense of a long and costly litigation, and stand, as we contend, in no better case than that of one who knowingly improves the land of another against his consent. Crest *v.* Jack, 3 Watts, 238; Gregg *v.* Patterson, 9 W. & S., 197, decide that one who improves the land of another without permission must lose his improvement.

When this Court made a decree, which entitled the heirs of Charlotte Stevens to a deed for, and the possession of, an undivided four ninths of this land, we must insist that it meant four ninths of the whole, and that the improvements attached to the land and part of the realty were included.

The rule as to the allowance to trustees for improvements is well settled.

Says Hill, *429: " Trustees who are invested with general powers of management, will be justified in laying out money in the repair and improvement of the property. But without any general authority, or a special power, they would run the risk of having payments disallowed, if they ventured to make such application of trust funds : " Green *v.* Winter, 1 John. Ch., 26.

A trustee, acting without express authority, will not be allowed the expense of pulling down and re-building a house : Hill, 571; Iridge *v.* Brown, 2 N. C. C., 191.

It is an established doctrine that trustees can only be allowed for necessary expenditures : Fountaine *v.* Pelle, 1 Ves., Jr., 337.

*A. Ricketts* (*A. H. Winton* with him), for appellees.

Mr. Chief Justice MERCUR delivered the opinion of the Court, May 31st, 1886.

[Appeal of Kelsey et al.]

This bill was to compel partition of lands in which the appellees held the undivided five ninths. The Court decreed partition, and awarded to the appellants four ninths of the land. Their complaint now is the refusal of the Court to allot to them a proportionate value of the permanent improvements erected on the land by the appellees. It may be conceded that there may be cases of partition in which the improvements should be held to enure to the benefit of all the co-tenants. It is well intimated such might be the case where one co-tenant undertakes to improve the whole estate as by erecting a building covering the whole of a city lot. Here, however, the improvements appear to have been such only as were reasonably necessary for the proper enjoyment of the land by the co-tenant who máde them. While the title was in the wife of the appellee yet he was tenant by curtesy initiate, and therefore in making the improvements, presumably for himself and his wife, he cannot be treated as a mere stranger or volunteer. While a tenant in common is liable to his co-tenant for repairs absolutely necessary to buildings already erected and in being, which fall into decay; yet he is not liable to his co-tenant for new and permanent buildings which the latter erects thereon : Beaty v. Bordwell, 91 Pa. St., 438; Crest v. Jack, 3 Watts, 238; Dech's Appeal, 57 Pa. St., 467. Hence, although the appellees owned the larger share of the land, they were powerless to compel the appellants to contribute towards the improvements. The appellees must either forego the proper use and enjoyment of their estate, or else incur the necessary expense to make it productive. They chose to do the latter. The appellants paid nothing towards the improvements, and their estate was not injured by the erection thereof. This is a proceeding in equity. Due regard must be had to the equitable rights of each party. Under the facts of this case it would not be a just application of the rules in equity to give to the appellants any share of the value of the permanent improvements made by the appellees only.

Decree affirmed, and appeal dismissed at the costs of the appellants.