## MARY S. LOGAN v. S. A. GARDNER ET AL.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 5, 1891—Decided May 18, 1891.

Upon the question whether the plaintiff had knowledge of improvements and expenditures made by defendants' predecessors in title, so as to be thereafter estopped by her silence, evidence of her presence in sight of the premises while the improvements were being made, was sufficient, under the circumstances of the case, for submission to the jury.

Charge of Court below.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 283 January Term 1891, Sup. Ct.; court below, No. 6 March Term 1888, C. P.

On December 1, 1887, Mary S. Logan brought ejectment against S. A. Gardner and others, for three acres of land in Mead township. Issue.

At the trial on January 9, 1890, there was a verdict for the plaintiff. The judgment entered on this verdict was reversed, on October 6, 1890: Logan v. Gardner, 136 Pa. 588.

At the second trial in the court below, on December 9, 1890, substantially the same case was presented as before. In addition, however, upon the question of knowledge of the improvements and expenditures on the part of Clemons and Kirberger, the defendants' predecessors in title, there was evidence that from $3,000 to $5,000 were expended during the summer and fall of 1880 in putting down oil wells on the premises, and that either that year or in the spring of 1888, the lessees put up a dwelling-house thereon; that, although in the spring of 1880, the plaintiff went from her home, in sight of the three-acre tract, to Titusville, yet she was on a visit home in the fall while the wells were drilling, was seen on the road near them, corresponded with her people at home, and was again at home in January, 1881, and also later in the spring following. The evidence that she had joined with her husband in the deed to Palmer in 1872, seemed to be cumulative.

At the close of the testimony, the court, BROWN, P. J., answered certain points for instruction as follows:

The plaintiff asks the court to charge:

3. If Mrs. Reibenstein was an infant, that is, under the age of twenty-one years, at the date of executing the alleged deed, and the jury should so find, then she was incapable of making a valid and binding contract or conveyance of her real estate; and her deed, although in proper form for the conveyance of a married woman's real estate, could only become effectual as against her, by her acts and conduct when she became sui juris, or unmarried, after attaining her majority, to wit, to the full age of twenty-one years.

Charge of Court below.

Answer: This point is affirmed; but, in affirming it, we add that, if Mrs. Reibenstein, between the month of October, 1879, and her marriage to John Logan in November, 1882, had knowledge of her rights, and knowledge that T. J. Clemons and Mr. Kirberger, or either of them, were claiming title under a deed made by her and her husband, and were during that time expending money in improving or developing the land, and, knowing this, she remained silent, this is evidence proper for the consideration of the jury in determining whether the evidence shows a ratification by her of her deed made while she was under the age of twenty-one years.[1]

7. If the jury should find that Mrs. Reibenstein did have knowledge of the improvements placed on the premises, after the expenditures were made and completed, and when the operations of defendants' vendors consisted not of expenditures and improvements, but of reaping profits from the production and sale of oil, by reason of such expenditures and the improvements placed thereon without the knowledge or encouragement of Mrs. Reibenstein, she would not be estopped by silence then or afterwards.

Answer: This point is answered as follows: If improvements and expenditures were made upon the property before Mrs. Reibenstein knew of the same, she would not be estopped by her silence; but if, after the improvements and expenditures necessary to the production of oil were completed, Clemons and Kirberger, with the knowledge of Mrs. Reibenstein, between the months of October, 1879, and November 28, 1882, at the time of her marriage with John Logan, were expending time and money in the production and sale of the oil, the silence of Mrs. Reibenstein, under such circumstances, may be considered by the jury in determining whether she had or had not acquiesced in and affirmed the deed made by her when under age.[3]

The defendants ask the court to charge:

3. If the jury believe from the evidence that Mary S. Reibenstein, while yet a minor, with her husband, Theodore Reibenstein, made a deed, executed and acknowledged in lawful form, to J. K. Palmer, for the land in controversy; that after she arrived at full age, from October, 1879, to the time of her divorce on the thirty-first of July, 1882, her husband, Theodore Reiben-

Opinion of the Court.

stein, from causes entitling her to a divorce, neglected to provide for her; that she remained single from the time of her divorce from Reibenstein to the time of her marriage to Logan on the twenty-eighth day of November, 1882; that between the dates of October, 1879, and November 28, 1882, T. J. Clemons and Albert Kirberger, while claiming title to the land under the deed from her and her husband, in good faith expended a large sum of money in developing the land for oil, by drilling two wells, erecting oil rigs, and investing in oil-well machinery, and built one or more houses for use in the business of producing oil on the premises, with the knowledge of Mary S. Reibenstein and with knowledge on her part of her rights, and without objection or protest from her or any claim of title on her part, then she is estopped from afterwards avoiding her deed to J. K. Palmer, and in such case she cannot recover.

Answer: Affirmed.[4]

4. If the jury believe, from the evidence, the facts to be as stated in the preceding third point, then the jury may from such facts infer a ratification by the plaintiff of the deed to J. K. Palmer, and in such case she cannot recover.

Answer: Affirmed.[5]

—The jury returned a verdict for the defendants. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error:

1, 3. The answers to the plaintiff's points.[1] [3]
4, 5. The answers to the defendants' points.[4] [5]

*Mr. W. M. Lindsey* (with him *Mr. H. H. Goucher, Mr. W. V. N. Yates* and *Mr. James O. Parmlee*), for the appellant.

*Mr. D. I. Ball* and *Mr. W. W. Wilbur* (with them *Mr. C. C. Thompson* and *Mr. William Schnur*), for the appellees.

PER CURIAM:

This case was here last year: Logan v. Gardner, 136 Pa. 588. It was there held that " When a person under disability has made a deed which is voidable on account thereof, and, after removal of the disability, the grantee, with the grantor's knowledge, made expenditures in placing improvements upon the land, it is not necessary, to estop from a disaffirmance of

Syllabus.

the deed, that the grantor should have positively encouraged the improvements."

Upon the present trial below, the contention of the appellant was that, so far from having encouraged the improvements, she had no knowledge of them. This question of fact was submitted to the jury, (see first assignment,) and they have found it against her. The appellant contends, however, that it was submitted without evidence. We cannot assent to this proposition. We think there was sufficient to go to the jury. Where a person under disabilities has conveyed land, received the price, and then waited for fifteen years without any attempt to disaffirm the deed, and until the property has become valuable by reason of large expenditures upon it by other parties, the question of knowledge may fairly be left to the jury upon a moderate amount of evidence. We think the verdict was sufficiently sustained by the circumstances of the case, as it certainly meets its justice.

Judgment affirmed.