## Irwin v. Love and Moore.

*Tenants in common — Necessary repairs — Joint action by one tenant against his two co-tenants.*

One who has furnished the materials and work for necessary repairs on a building jointly owned may maintain a joint action against the co-tenants for their proportional shares of the cost, and this is the case although one of the defendants may have contracted to pay his share of the repairs.

Statutory demurrer. C. P. Clearfield Co., Sept. T., 1924, No. 472.

*Frank Hutton, Singleton Bell* and *Leo R. Brockbank*, for plaintiff.

*Hartzwick, Arnold & Platt*, for defendants.

CHASE, P. J., March 16, 1926.—The plaintiff in his amended statement alleges a tenancy in common by the defendants in a certain building, and that the one tenant in common, Margaret Love, verbally contracted with the plaintiff to have certain work done on the building, part of which, it is alleged, was necessary for the preservation of the building, while part of the work and material furnished was for certain alterations in the property; that this work was performed by the plaintiff in accordance with the verbal contract made by the said Margaret Love. It is not alleged that N. R. Moore, the other co-tenant and defendant, had anything to do with the making of the contract or in any way authorized the work. The plaintiff seeks to hold Moore jointly liable with Love, on the grounds that the work was done partly because necessary and the remaining work with the knowledge of Moore, who made no objection. The defendants, by their affidavit of defence, deny any contractual obligation between Moore and the plaintiff which would permit an action against the defendants jointly or against N. R. Moore individually by the plaintiff.

The court is not called upon under these facts to deal with the question of liability of one joint-tenant to another for work done, whether the same be

Irwin v. Love and Moore.

for necessary repairs or improvements done under such circumstances as amount to an authorization or ratification. But assuming that, because of the existence of both conditions, the liability existed as between the joint-tenants, the defendant contends that the plaintiff cannot maintain this joint action, claiming that if this joint action is permissible, N. R. Moore, the joint-tenant, is deprived of his defences under the law as against his co-tenant, Love, as follows: First, the right of any set-off the co-tenant may have as against the other co-tenant; second, the right to protect himself against liability for the whole obligation contracted by the co-tenant in the event of the insolvency of the other co-tenant. The defendant's position in fact amounts to nothing more or less than to hold that the only person the plaintiff, who performed the work and furnished the material in this jointly owned property, could sue, unless an express contract was shown for the work done on the jointly owned property, would be the co-tenant with whom he contracted, and the co-tenant, Margaret Love, is the only person who could sue her co-tenant, when the facts showed the only rights to bind the co-tenant by the other co-tenant were because of work necessarily performed for preservation or done under an authorization or ratification.

A tenant in common is liable to his co-tenant for repairs absolutely necessary to the buildings already erected: Kelsey's Appeal, 113 Pa. 119. As to whether acts of a co-tenant amount to estoppel to deny liability to other co-tenants depends upon the circumstances; each tenant is entitled to the common possession of the whole land, providing he does not exclude his fellow from a similar possession, and each may lawfully improve the property without the consent of his co-tenant, although, of course, at the risk of not being fully reimbursed: Kelsey's Appeal, 113 Pa. 119; Logan v. Gardner, 136 Pa. 588; Logan v. Gardner, 142 Pa. 442. We can go no further than to say the plaintiff brings his action subject to the limitations of the law as to the rights one tenant in common has to bind the other co-tenant for improvements. The plaintiff must prove those relations and conditions which would enable one tenant to recover from the other; but showing those essential facts in the absence of authority to the contrary, and we are not able to find authority either way, we feel the right to bring a joint action should be permitted. If it is permitted, a co-tenant may suffer the consequences complained of by the defendant herein, namely, set-off and liability for the entire claim because of insolvency of a co-tenant. If the action is not permitted, the plaintiff, who furnished the material and furnished the work on the property jointly owned, who acted under an express contract with one of the co-tenants, and by reason of the contract of liability of the other co-tenant for his proportionate share, partially by reason of the law as it applies to necessary repairs and partially by reason of acts of authorization or ratification by estoppel, would suffer the loss of his entire claim which the co-tenant by his acts impliedly contracted for and had done and received the benefits from.

As to the amount of the recovery, and whether or not the plaintiff can recover the full amount of the contract or only a proportionate amount of the same, we are not at this time called upon to determine; the only question involved in this issue is whether or not, under the circumstances, the plaintiff can maintain this joint action against the co-tenants in common.

Now, March 16, 1926, motion for judgment for defendants, Margaret Love and N. R. Moore, is overruled, exceptions noted and bill sealed to the defendant. Judgment to be entered for the plaintiff, unless affidavit of defence be filed within fifteen days from this date.        From John M. Urey, Clearfield, Pa.