## Brown's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*G. A. Wilderman* and *Max A. Daroff*, for petitioner.

*Louis F. Floge*, for respondents.

BOLGER, J., May 6, 1938.—The pleadings are petition for citation, and a citation to show cause why an inquest in partition should not be awarded; answers and demurrers to the answers.

Petitioner is Moses Brown, husband of decedent, to whom the court awarded a one-half interest in his wife's estate. He now seeks partition of the real estate. Objection is made by two of the devisees. Lonnie Littlejohn, one of them, a friend of the deceased in her lifetime, claims an equitable interest in the realty. The basis of his claim is advancements of large sums of money made by Littlejohn to decedent in her lifetime, and at her request used to pay taxes, repairs, and improvements to the realty, building and loan instalments of dues resulting in liquidation of three mortgages on the premises, and to buy coal, food, clothing, lighting, furniture, and other necessaries. One of the other devisees, a child, sup-

ports this position. Apparently no assignment or security was given or demanded.

An examination of the record of the audit of the executors' account discloses that Littlejohn made no claim against decedent's personal estate for any of the items now enumerated.

He states he has brought suit against petitioner in the Municipal Court for the recovery of these advancements, which were, he maintains, the obligations of petitioner. However, he has not proceeded to judgment.

He says that the expense involved in the partition proceeding will reduce petitioner's share to the extent that any judgment recovered against him in the Municipal Court will not be wholly collectible and therefore these proceedings should be stayed.

In support of his position he cites Kelsey's Appeal, 113 Pa. 119. We find this case is not authority for the propositions suggested. There a woman was a tenant in common with two others. Her husband during her life made new and permanent improvements upon the property. Upon her death, in partition proceedings brought by the other two tenants in common, the court refused to award any portion of the improvements to the surviving cotenants, but gave them to the husband. The court held the improvements were made for both the wife and the husband, and that the latter was not a stranger or volunteer, but a tenant by curtesy initiate.

Mr. Littlejohn's position here is quite different. He was not related to decedent nor had he obtained any interest in the real estate during the lifetime of the deceased. His position cannot be described other than as a stranger or volunteer. In Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179, it was held that one who voluntarily pays a debt when under no liability to do so is not entitled to the right of subrogation; no equity arises from the transaction calling for protection. In In re Account of Commonwealth Trust Co., Trustee

(No. 1), 247 Pa. 508, the right was refused to a mere volunteer.

Nor does he have any present right to tie up the interest of petitioner. He is in no better position than a person who, upon suing another possessed of an undivided interest in real estate, attempts to restrain the alienation of such interest pendente lite. No such right exists. Proceedings in the orphans' court may not be interrupted by unestablished claims against distributees: Ottinger's Estate, 4 Dist. R. 711.

The demurrers to the answers are sustained and the inquest is awarded.