## Cobbett et al., Appellants, *v.* Gallagher.

Argued March 26, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

*J. Campbell Brandon,* of *Brandon & Brandon,* for appellants.

*William D. Markel,* with him *Ernest G. Nassar* and *W. B. Purvis,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 20, 1940:

The question here involved is whether plaintiffs as owners of an oil and gas lease are required to reimburse defendants for their expenditures in making improvements to the leased premises.

On December 12, 1934, William M. Kingsley, one of the plaintiffs, obtained from Nellie J. Miller a lease of a fifty acre tract located in Clay Township, Butler County, to operate and drill for petroleum and gas, for the term of five years and for such longer term as oil and gas were obtained from the property in paying quantities. Later Kingsley assigned the lease to H. N. Cobbett, who is co-plaintiff in this case. Mrs. Miller executed the lease as devisee under the will of her husband, S. C. Miller, who was the owner in fee of the property. The will purported to make an absolute gift of the realty to Mrs. Miller, but the testator directed that she "shall divide at her death the property as follows, my daughter Leah [Leah M. Scott] one half, . . . my grandson William [William C. Miller] the other half."

On December 24, 1936, before plaintiffs had commenced to drill upon the tract, the defendant Gallagher, a drilling contractor, informed Mrs. Miller of his belief that the lease given by her to plaintiffs was invalid because she possessed only a life interest in the property, and he persuaded her and her daughter, Leah M. Scott,

to execute and deliver to him an overriding lease upon the same fifty acre tract, likewise for the purpose of drilling for petroleum and gas.

William C. Miller, the testator's grandson, being then a minor, a lease of his interest to Gallagher was executed by his guardian and presented to the Orphans' Court for approval. At the hearing upon the guardian's petition, plaintiffs appeared and raised the question of title under the will, but the court declined to pass upon it, and restricted its decree to an approval of the lease of the minor's interest.

At this time neither plaintiffs nor defendant Gallagher knew that S. C. Miller, the testator, was the owner during his life of only an eight-ninths undivided interest in the property, and that a one-ninth interest therein was owned by his sister, Matilda Ray, who died intestate, survived by her husband and five children.

The defendant Gallagher, having learned of this outstanding interest in the property, acquired in January, 1937, by assignment a lease executed by the children of Mrs. Ray, which embraced the tract of land in its entirety. This lease also was signed by J. Howard Ray, her surviving husband, as guardian for one of the children, but not by him in his individual capacity. Thereafter, on September 18, 1937, he executed a lease for oil and gas purposes, of his own interest under the intestate laws, in the property. This lease is now held by the plaintiff, H. N. Cobbett.

Although he had full knowledge of plaintiffs' lease of December, 1934, Gallagher began to drill wells upon the premises in February, 1937, and completed the first well on March 9 of that year. On March 3, 1937, plaintiffs filed the present bill to restrain him from further operations, but he continued to drill wells on the tract after the service upon him of the bill in equity. The court found as a fact that "the major part of the cost of drilling said wells was made after the filing and service of the bill." Meanwhile, after the present proceeding was insti-

tuted, Gallagher assigned his interest in the property to eleven persons, who joined in the present action as parties defendant.* Despite the fact that these assignees had actual notice of the prior lease under which plaintiffs claim, they proceeded with the drilling at their own expense and employed Gallagher as contractor.

The first well produced 1,765 barrels, of crude oil, valued at $4,749.40, up to September 28, 1937. The proceeds from the sale of this oil have been placed in the hands of a stakeholder to await the determination of this proceeding. Oil has been produced by the well since that date but in smaller quantities. A second well, completed in May, 1937, has been unproductive.

In the court below the chancellor found that Nellie J. Miller was the owner in fee simple of an eight-ninths undivided interest in the leased property under the will of her husband, and that the lease which she executed and delivered on December 12, 1934, to Kingsley was good and valid and remains in full effect, so that plaintiffs have an eight-ninths undivided interest in the wells and equipment installed upon the premises, with a similar interest in the oil and gas produced therefrom, and the proceeds of its sale; that the assignees of defendant Gallagher have a one-ninth undivided interest in the wells and equipment on the tract, under the lease given by the Ray children, and a like interest in the oil and gas, or its proceeds. The court also held that the lease executed by J. Howard Ray in his individual capacity was invalid.

In the decree of the court below it was provided that plaintiffs should reimburse defendant (and his assignees) out of the production of oil and gas and by the sale of fixtures and appliances, for eight-ninths of

---

* Fractional interests were assigned to and acquired by the following persons: C. W. Seibert, Charles Behning, O. W. Rudert, Gerald Lassinger, W. C. Wise, E. M. McElroy, E. E. Holsinger, Leo Lioon, H. C. A. Hofacker, Ernest G. Nasser and R. W. Phillips.

the cost of the improvements placed upon the leased land and for the expenditures made in drilling. These items, exclusive of the expense incurred in drilling the unproductive well, amount to $5,580. This appeal by plaintiffs is from the order for reimbursement, and the decree of the court declaring the lease given by J. Howard Ray, individually, to be invalid.

While one of the principal questions in the court below was the validity of plaintiffs' lease, neither defendant nor his assignees have appealed from the decree there entered. Therefore the construction of the will of testator is not before us, and the determination of the court that plaintiffs have a valid lease of an eight-ninths undivided interest in the property for oil and gas purposes is final and conclusive. It follows that the parties are tenants in common of these rights in the land to the extent of their respective interests. It also follows that defendant and his assignees are not entitled to recover the value of the improvements which they voluntarily placed upon the leased premises, for it is the settled rule that a tenant in common cannot claim reimbursement for new structures he has erected on the common property without the consent of his cotenants. See *Crest v. Jack*, 3 Watts 238.

In *Appeal of Kelsey*, 113 Pa. 119, the rule was stated in these words (p. 125): "While a tenant in common is liable to his co-tenant for repairs absolutely necessary to buildings already erected and in being, which fall into decay; yet he is not liable to his co-tenant for new and permanent buildings which the latter erects thereon." See also *Dech's Appeal*, 57 Pa. 467; *Fassitt v. Seip*, 249 Pa. 576.

Upon the facts, defendants cannot invoke the principle that one who occupies land under a bona fide, though mistaken, belief that his title is valid, and who makes valuable improvements thereon, is entitled to be repaid out of the income produced from the land during his occupancy to the extent that the property has

been benefited: *Phillips v. Coast*, 130 Pa. 572; *Commonwealth, to use, v. Crow*, 294 Pa. 286; see also *Skiles's App.*, 110 Pa. 248; *Putnam v. Tyler*, 117 Pa. 570, 588.

It is true the chancellor found that the defendant-assignees "honestly, although mistakenly, believed that by these several assignments they became and were the owners of undivided interests in an entire lease." But at the time they acquired their interests they had knowledge of the prior lease of plaintiffs and in the face of this dispute of title, and after the institution of the present suit, they made the expenditures for which they now claim reimbursement. Had plaintiffs remained silent and taken no action to assert their rights while defendants were drilling their wells, the claim for reimbursement might have some justification. But it seems to us that under the circumstances here present plaintiffs should not be deprived of the value of the oil wrongfully taken in order to make repayment to defendants of moneys expended at their peril. In *Walker v. Quigg*, 6 Watts 87, where a claim for reimbursement was made, we said (p. 92) : "If such a principle were to be tolerated or sanctioned, owners of land might be in danger of being improved out of their titles and rights to them. . . ." See also *Wilkinson v. Pearson*, 23 Pa. 117.

The finding of the chancellor that the lease given by J. Howard Ray, individually, was invalid, was placed upon the ground that he was estopped "from conveying to any other person the right to drill for and produce oil from any part of the one-ninth interest while the prior lease executed by him as guardian remains in full force and effect." There is nothing in the evidence to indicate that the lessees of the Ray children were led to believe that they were acquiring the interest of J. Howard Ray, in his own right, nor does that lease purport to convey to them the full one-ninth interest, or to name him individually as a party. It is clear, therefore, that the record affords no basis for an estoppel,

and that J. Howard Ray retained full power to deal with his one-twenty-seventh interest in the property. The failure of the court to award to plaintiff Cobbett this additional interest to which he was entitled was error.

The decree of the court below is modified to relieve plaintiffs from rendering an account or paying to defendant and his assignees the value of the improvements, fixtures and appliances appurtenant to or placed upon the leased premises, and for the proceeds of the oil and gas produced therefrom in excess of defendants' fractional interest, and the decree is further modified by the award to H. N. Cobbett of the one-twenty-seventh undivided leasehold interest in the premises held by him as assignee of J. Howard Ray. As so modified, the decree is affirmed. Costs to be paid by the appellees.